IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSHUA ROE,

        Appellant,

v.                                                                                    Case No. 5D17-2468

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 24, 2018

3.850 Appeal from the Circuit
Court for Osceola County,
Jon B. Morgan, Judge.

Ana M. Davide, Miami, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire and
Kristen L. Davenport, Assistant Attorneys
General, Daytona Beach, for Appellee.


PER CURIAM.

      Appellant, Joshua Roe, appeals the denial of his Florida Rule of Criminal

Procedure 3.850 motion, after an evidentiary hearing, wherein he alleged that his counsel

was ineffective during his trial for sexual abuse of his minor stepdaughter. Appellant

argues that his counsel was ineffective for failing to offer the testimony of the victim's

paternal grandmother and Appellant's probation officer, as these witnesses would have bolstered his defense at trial that the victim's mother manipulated the victim into fabricating the allegations of abuse. Given the unique record here, we reverse for a new trial because counsel's failure to offer these two witnesses undermines our confidence in the verdict.

First, Appellant asserts that trial counsel should have called the victim's paternal grandmother to impeach the victim's trial testimony that she disclosed the sexual abuse to her paternal grandmother while it was ongoing. In denying Appellant's motion, the trial court acknowledged that trial counsel should have called the paternal grandmother but concluded that there was no prejudice in failing to do so. Given the evidence at trial and the State's substantial emphasis during closing argument on the victim's early disclosures, we conclude that the testimony of the paternal grandmother would have weakened the State's case and substantially supported Appellant's theory of defense.

Second, Appellant argues that his counsel was ineffective for failing to proffer the testimony of his probation officer that she received a call from the maternal grandmother days before the allegations of sexual abuse emerged wherein the maternal grandmother reported that Appellant had physically abused the victim's brother. The trial court incorrectly concluded that counsel was not deficient because this testimony constituted inadmissible hearsay. The testimony did not constitute hearsay because it would not have been offered for the truth of the matter asserted—that Appellant actually physically abused his stepson. *See* § 90.801(1)(c), Fla. Stat. (2007) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

2

evidence to prove the truth of the matter asserted."). Rather, Appellant would have offered this testimony to simply prove that the accusation was made.

Importantly, we conclude that Appellant's theory of defense was incomplete without this evidence, given the unique facts of this case. At trial, in addition to the allegations of sexual abuse, the jury heard evidence that the victim's mother and the maternal grandmother attempted to have Appellant arrested by accusing Appellant of drinking in violation of his conditions of probation. However, the jury did not hear that the maternal grandmother made yet another accusation—physical abuse—against Appellant days after the allegation of drinking and shortly before the sexual abuse allegations. Thus, although the jury heard about two of the allegations, testimony establishing this third allegation would have significantly bolstered Appellant's argument that the victim's mother and the maternal grandmother were engaged in a pattern of escalating accusations in an attempt to get him sent to prison.[1]

Taken together, especially in light of the nature of the evidence presented at trial, these errors by counsel undermine our confidence in the verdict. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). As such, we reverse and remand for a new trial.

REVERSED and REMANDED.

EVANDER and EISNAUGLE, JJ., and ROBERSON, E.C., Associate Judge, concur.

---

[1] We find that the evidence would have permitted an inference that the victim's mother and the maternal grandmother were working in concert to get Appellant arrested.

3